UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SHATTUCK BANCSHARES, INC., AND SNB BANK, N.A.<br><br>    Plaintiffs,<br><br>v.<br><br>ERIC HANNELIUS, et al.<br><br>    Defendants. | Case No.: 1:24-cv-24782-RAR |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT, OR, ALTERNATIVELY, FOR
A MORE DEFINITE STATEMENT**

Defendants, Eric Hannelius ("Hannelius"), Michael Shvartsman ("Shvartsman"), Oksana Moore ("Moore"), Karla Knight ("Knight"), Elena Popova ("Popova"), Justin Soulen ("Soulen"), Bill My Bank, LLC ("BMB"), BT Assets Group, Inc. ("BTAG"), EFT Business Services, LLC ("EFT"), Encompay, Inc. ("Encompay"), Hannelius-Knight Family Trust ("HK Trust"), MG Family Trust ("MG Trust"), OST, LLC ("OST"), Pepper Pay, LLC ("PP"), Rocket Holdings, LLC ("RH"), Salt Money, Inc. ("SM"), Skylight Business Services, LLC ("SBS"), Transact First, Inc. ("TF"), and Transaction Processing Services, Inc. ("TPS"), submit their Reply Memorandum in Support of their Joint Motion to Dismiss Plaintiffs' Amended Complaint, or in the Alternative, for a More Definite Statement, and, in support thereof, Defendants[1] provide as follows:

---

[1]  When this Reply refers to the "Defendants" it is referring collectively to all of the Defendants. The Individual Defendants, Hannelius, Shvartsman, Moore, Knight, Popova and Soulen will be referred to collectively herein as (the "Individual Defendants").  The Trust Defendants, HK Trust and MG Trust, will be referred to collectively herein as (the "Trust Defendants"). The remaining Defendants, BMB, BTAG, EFT, Encompay, OST, PP, RH, SM, SBS, TF and TPS will be referred to collectively herein as (the "Corporate Defendants").

## I.    THE AMENDED COMPLAINT IS A SHOTGUN PLEADING.

Plaintiffs attempt to defend the shotgun nature of their First Amended Complaint (hereinafter "FAC") by falsely claiming Plaintiffs only "occasionally" refer to the Defendants as a collective and that Plaintiffs' FAC "painstakingly alleges each defendant's role in the underlying scheme" alleged in the FAC. *See* Plaintiffs Response [DE 94] at 5. Nothing could be further from the truth. Indeed, the paragraphs Plaintiffs cite in support of this contention reveal its inaccuracy.

For example, on page 6 of their Response, Plaintiffs assert that paragraphs 158, 166, 173, 192, 199, 218, and 234 provide the Court with examples of where the FAC "distinguishes between the Business Defendants and the Individual Defendants and, where appropriate, distinguishes between the actors in each of those groups." Yet this is not reality. Instead:

- Parag. 158: Refers to "certain business Defendants" and all Individual Defendants generally.  This paragraph does **not identify** a single Defendant by name.

- Parag. 166: Refers to Business Defendants EFT, Encompay, and TF and Individual Defendants Hannelius and Moore.

- Parag. 173: This paragraph is in Count III, which is **only pled against** Defendant Pepper Pay, LLC.

- Parag. 192: Refers to Business Defendants EFT, Encompay, and TF and Individual Defendant Moore.

- Parag. 199: Refers to Business Defendants EFT, Encompay, and TF and Individual Defendant Hannelius. Also contains **vague reference to "certain" business Defendants and all individual defendants generally**.

- Parag. 218: Same as paragraph 199, above.

- Parag. 234: Refers to **all Defendants, generally**. This paragraph does **not identify a single Defendant by name**.

In their Joint Motion to Dismiss (hereinafter "Joint Motion"), Defendants conceded that certain allegations appeared to plead *prima facie* causes of action against corporate Defendants EFT, Encompay, and TF, and individual Defendants Moore and Hannelius. The primary problem with the shotgun nature of Plaintiffs' FAC was that it **did not put any of the remaining Defendants** on notice of the allegations against them other than to lump them into the pleading without sufficiently supporting the alleged claims against them specifically. Plaintiffs fail to demonstrate how that is not a problem in their Response. Interesting as well is the **lack of clarity Plaintiffs provide as to the "certain" Business Defendants that are referenced dozens of times** categorically, all without any definition or specificity, throughout the FAC. Plaintiffs ignoring this deficiency with little more than a claim that lumping Defendants together is ok[2] does not make it go away – it drives the point home like a stake through the heart. The FAC is a shotgun pleading.

The Plaintiffs' Response also ignores the cases cited by Defendants, relying instead on case law which has limited relevance to the FAC. In that regard, none of the cases cited by Plaintiffs address the situation present here, where **_nineteen (19)_** separate corporate entities and individuals are lumped together without specificity. Indeed, the cases relied upon by Plaintiffs typically involve a limited number of defendants, all of whom were acting in concert for the same corporate entity, making it clear what each party was being alleged to have done wrong. *See e.g., Ray v. Adams & Assocs.*, 599 F. Supp. 3d 1250, 1255 (S.D. Fla. 2022) (involving an employee suing his employer and two supervisors for unpaid overtime; thus, the act of not paying overtime applied equally to

---

[2] Lumping defendants together the way Plaintiffs have done here is **not** ok. *Webb v. Miami-Dade Cnty. Gov't*, No. 23-23122-CIV, 2023 WL 5951821, at *2 (S.D. Fla. Aug. 25, 2023) ("A typically confusing aspect of many shotgun pleadings involving multiple defendants is the lumping together of all those defendants within the same count." . . . This makes it impossible for the Defendants, or the Court, to ascertain exactly what [Plaintiff] is claiming each Defendant actually did. Relatedly, the complaint repeatedly incorporates antecedent allegations into subsequent claims for relief . . . making it a classic example of a shotgun pleading.")

these three defendants without much confusion in the pleading); *Green v. Miami-Dade Cnty.*, 2008 WL 11333589 (S.D. Fla. Oct. 16, 2008) (involving a Plaintiff suing only one Defendant in an employment discrimination lawsuit); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (involving a lawsuit against caregivers who all provided care to Plaintiff; they all worked together and allegedly provided negligent care); *Hyatt Corp. v. Epoch-Fla. Cap. Hotel Partners, Ltd.*, 2008 WL 490121, at *3 (M.D. Fla. Feb. 20, 2008) (involving a case against a sole defendant where all of the allegations arose out of the same conduct by that one defendant). That is not the case here. Instead, Plaintiffs in this case have **failed to plead any specificity against several of the Individual and Corporate Defendants**, and the FAC is devoid of allegations that **these other Defendants** were acting in concert with EFT, Encompay, TF, and/or Hannelius or Moore.

Thus, while EFT, Encompay, TF, Moore and Hannelius may be in a position, from a pure shotgun analysis, to respond to the allegations against them in Counts IV, V and VI, **those specific Defendants are not able to properly respond to the allegations in the remaining Counts, and none of the other Defendants are able to properly respond to any of the Counts**. The FAC is a shotgun pleading subject to dismissal.

The remaining cases relied upon by Plaintiffs do not save their FAC. For example, in *Bailey v. Janssen Pharm., Inc.*, 288 F. App'x 597, 602 (11th Cir. 2008), the Court affirmed the dismissal of Plaintiffs' negligence claims against multiple Defendants *with prejudice* on the grounds that the claim improperly pled negligence claims "against three defendants collectively" and failed to explain "each defendant's individual duty and breach." *Id*. at 609. Plaintiffs' citation to *Bailey* is further misleading, in that Plaintiffs cite it for the proposition: "So even a supposed shotgun pleading will survive 'so long as it is minimally sufficient to put a defendant on notice of the claims against him.'" *See* Response at 6 (external quotation from Plaintiffs' Response; internal quotation

provided from *Bailey* decision). What the Eleventh Circuit actually said, though, is "a complaint—so long as it is minimally sufficient to put a defendant on notice of the claims against him—**will not fail for mere surplusage**." *Id*. at 603[3] (emphasis added). Not only does the language Plaintiffs omitted change the meaning of what the Eleventh Circuit said, but it makes *Bailey* inapposite because Defendants are not talking about surplusage here.

In *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 546 F. Supp. 3d 1152, 1184 (S.D. Fla. 2021), the Court held that the Amended Complaint "did not" lump all of the Defendants together and therefore the deficiency that Court found with the initial Complaint in that regard had been cured. *Id*. at 1184 ("While many counts in the original ELC were alleged against multiple groups of Defendants, or all Defendants, each count in the amended ELC appears to be alleged against one specific Defendant (or related Defendants.)").

The case most analogous to the one here remains *Global Paycard Corporation v. Onecom LLC,* 2023 WL 11883728 (S.D. Fla. July 24, 2023), cited by Defendants in their Joint Motion and not addressed by Plaintiffs in their Response. *See* Joint Motion at 5; *see also Webb*, at fn. 2, *supra*. Because Plaintiffs' FAC constitutes an impermissible "shotgun pleading," it should be dismissed.

## II.     THE TRUST DEFENDANTS ARE NOT PROPER PARTIES.

In their joint Motion to Dismiss, Defendants cited *Muller v. Zaibet*, No. 23-CV-22276-JB, 2024 WL 4483322 (S.D. Fla. July 25, 2024), which unequivocally holds that a trust is not a proper defendant under Florida law.[4] *Muller* relied on the Eleventh Circuit case of *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134 (11th Cir. 2019) for this proposition.

---

[3] Plaintiffs actually have a pinpoint cite to page 602 of the *Bailey* decision. The quoted to language, however, does not appear on page 602. Defendants accordingly assume that is a miscite.

[4]   In their Response, Plaintiffs also attempt to argue the applicability of Oklahoma law to this question. *See* Response at 9. This ignores Fed.R.Civ.P. 17(b)(3), which provides that for questions regarding the capacity to be sued, the Court should look to the law of the State where it is located.

Without citing a single case that disagrees with the holdings in *Muller* or *Alliant Tax Credit,* Plaintiffs simply argue this Court should ignore these cases in favor of their interpretation of the Restatement Third of Trusts, while arguing that the underlying Eleventh Circuit opinion in *Alliant Tax Credit,* upon which the *Muller* court relies, should be disregarded because it relies on an opinion from the Second Circuit interpreting Florida law. In so arguing, Plaintiffs failed to inform the Court that the Second Circuit opinion (*Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017)) upon which the Eleventh Circuit relies, itself cited to Florida statutory and case law for the underlying proposition in question. *See Loubier*, 858 F.3d at 730, and fn. 9 (citing *First Union Nat'l Bank v. Jones*, 768 So.2d 1213, 1215 (Fla. 4th DCA 2000), as well as Florida Statutes §§ 736.1014 and 736.1016). The **Eleventh Circuit's decision controls and the Trusts are not proper Defendants**. Because amendment against the HK Trust and MG Trust would be futile, they should be dismissed *with prejudice*.

### III. THE INDIVIDUAL COUNTS FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

#### A. Counts I and II (Breach of Contract) Fail to State a Claim against Defendants.

Contrary to Plaintiffs' bold and unsupported assertion to the contrary, the FAC is devoid of any allegation that any of the Individual Defendants were acting in their individual capacities.[5] Again, the Court needs to look no further than the paragraphs the Plaintiffs referenced to reach this conclusion. In that regard, Plaintiffs ask the Court to look at ¶¶ 4, 32, 37, 38, 40, 44, 46, 52, 55–

---

[5] Plaintiffs impermissibly attach a Declaration of L. Clay Stuart to their Response [DE 94-1] and ask the Court to go outside the four corners of the FAC to consider Mr. Stuart's contention that the Individual Defendants established relationships with Defendants. The Court should strike, or at a minimum, wholly disregard that Declaration in ruling on the pending Joint Motion. It also does not cure their failure to plead what is necessary to bring claims against the individuals.

56, 58–59, 62, 66–67, 71–74, 112, 114, 116.[6] Yet, none of these paragraphs plead that any of the Individual Defendants were acting in their individual capacity. Indeed, these paragraphs are replete with allegations pleading exactly the opposite. Each and every one of the paragraphs cited by Plaintiffs either refers to Corporate Defendants "acting through" Individual Defendants or make it clear in the allegation that the individual referenced in the paragraph is acting on behalf of a Corporate Defendant. *See e.g.,* FAC at ¶4, alleging the corporate defendants were "acting through" the Individual defendants; ¶¶32, 37 and 38, alleging TF was "acting through" Hannelius; ¶44, alleging that EFT "was acting through" Hannelius; and ¶52, alleging BMB was "acting through" Hannelius. None of these allegations plead that any Individual Defendant is acting in their individual capacity or is acting as an alter ego of any corporate Defendant.[7]

Despite the lack of any allegations regarding Individual Defendants entering into contracts with Defendants in their Individual capacities or any allegations that Individual Defendants are the alter egos of any of the corporate Defendants, Plaintiffs simply claim that everyone should read between the lines and find that Plaintiffs have sufficiently pled alter ego status. This is not the case. *Donohoe v. Heine*, No. 2:21-CV-439-JES-NPM, 2022 WL 10483616, at *2 (M.D. Fla. Oct. 18, 2022) (recognizing that "neither the Court nor the defendant is required to read between the lines to create a claim on Plaintiff's behalf.")

---

[6] *See* Plaintiffs' Response at 15, contending these paragraphs "detail the extent to which the Individual Defendants controlled the corporations" and contain allegations regarding "the entanglement between the Individual Defendants and their corresponding corporations." Notably, **the term "entangle" is not found in the FAC, and "control" appears only in naming OFAC**.

[7] Plaintiffs also cite ¶¶ 179-182, 199-200, 218-220, 230-231, 234-236, 239-240, and 244-245. *See* Response at 13. Yet, none of these paragraphs relate to the breach of contract Counts (Counts I and II) and none of these paragraphs are incorporated into Counts I and/or II.

Not only do the phrases **"alter-ego" or "corporate veil" never even appear in the FAC**, a critical fact distinguishing Plaintiffs' FAC from the complaint in the case of *Sinaltrainal, Estate of Gil v. Coca-Cola Co.*, 2003 WL 1846195 (S.D. Fla. Mar. 31, 2003) as relied upon by Plaintiffs, but Plaintiffs ignore the plethora of cases cited by Defendants in their Joint Motion which explain the absurdity of Plaintiffs' suggestion. Because Plaintiffs do not plead that any of the Individual Defendants were alter egos of any of the Corporate Defendants and repeatedly allege that the Individual Defendants were acting in their capacities as agents of the Corporate Defendants, this Court should Dismiss Plaintiffs' Counts I and II against the Individual Defendants *with prejudice*.

Turning to the Corporate Defendants, Plaintiffs' sole response to their failure to plead specific breaches against Corporate Defendants, BMB, BTAG, OST, PP, RH, SM, SBS, or TPS is that Plaintiffs "painstakingly" allege each of the Defendants' roles in the body of the FAC. As discussed within the shotgun analysis, *supra*, this is inaccurate. Accordingly, Counts I and II should be dismissed as to Corporate Defendants BMB, BTAG, OST, PP, RH, SM, SBS, and TPS.

### B. Plaintiffs Waived Their Breach of Contract Claims Against Pepper Pay.

Plaintiffs argue the waiver provision addressed in Defendants' Motion to Dismiss applies only to Disputes relating to account or transaction statements or similar matters and not to all disputes. However, even if the claim did not relate to an account statement or other similar matter, the first part of section 12.16(a) made contractually clear as follows: "In the event of any dispute, controversy, or claim arising out of or relating to this Agreement or the construction, interpretation, performance, breach, termination, enforceability or validity thereof (hereinafter, a "Dispute"), the Party raising such Dispute shall notify the other Party promptly and no later than sixty (60) days from the date of its discovery of the Dispute." Plaintiffs fail to plead that they provided Pepper Pay

the required notice regarding any alleged breach pursuant to sections 12.16(a) and 12.11 of the Pepper Pay Agreement. Nor do they contend otherwise in their Response.

Because Plaintiffs failed to plead or otherwise show compliance with the Agreement's notice provision, Plaintiffs failed to comply with a required condition precedent. *Chicago, R.I. & P. Ry. Co. v. Brockmeier*, 1917 OK 548, 66 Okla. 280, 168 P. 1011, 1012 (holding that where a contract contains a notice provision that serves as a precondition to filing suit, "the failure to give such notice is a complete bar to such action."). Count III should be dismissed.

### C. Counts IV, V, and VI Fail to State Claims against Various Defendants.

Again, Plaintiffs ignore the case law and simply make a plea to the Court that their lumping of all Defendants generally into their allegations is sufficient even to satisfy the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b).[8] Plaintiffs are wrong.

First, and to be certain, lumping Defendants together fails to meet the pleading requirements of Rule 9(b). *Altimas v. Whitney*, No. 209CV682FTM36SPC, 2010 WL 11507317, at *2 (M.D. Fla. Dec. 9, 2010) ("When fraud-based claims are levied against multiple defendants, such claims should inform each defendant as to the nature of his alleged participation in the fraud. Thus, Rule 9(b) prohibits a plaintiff from merely 'lumping' multiple defendants together.") (internal citation and ending citation omitted). Dismissal is required.

Moreover, Plaintiffs fail in their Response to address the simple fact that, while they do allege "certain" unnamed corporate and individual Defendants made representations regarding

---

[8] Plaintiffs claim they "have propounded discovery requests upon Defendants to learn more about the fraud and negligent misrepresentations Defendants have made." *See* Response at 18. Plaintiffs resulting request to potentially amend later is inappropriate and misses the point. Plaintiffs need to plead fraud, etc., in good faith and in strict compliance with Fed.R.Civ.P. 9(b) now, and the Court should rule on the pleading in front of it today, not one that may or may not appear down the road.

whether "certain" unnamed corporate defendants were involved in the marijuana-related business, the FAC does not define the "certain" and does not allege that, with respect to any specifically identified Corporate Defendants, such representation was inaccurate. Again, dismissal is required.

Resultingly, Counts IV, V, and VI of the FAC must be dismissed with respect to the following Individual Defendants (Shvartsman, Popova, Knight and Soulen) and the following Corporate Defendants (BMB, BTAG, OST, PP, RH, SM, SBS, and TPS).

      **i.   Plaintiffs' Fraud and Negligent Misrepresentation Claims are Further Contradicted by Exhibit "R" to the FAC.**

In their Response, Plaintiffs attempt to shift the pleading burden to Defendants by contending Defendants' Joint Motion should be denied because Defendants do not argue that their businesses were not marijuana-related. *See* Response at 19. Plaintiffs' contention turns the pleading requirements of the Federal Rules on their head. It is **not the Defendants' burden to plead in response to a dismissible complaint**. It is the **Plaintiffs' burden to plead a sustainable one**. By attaching an exhibit to the Complaint, Plaintiffs made that exhibit a part of their pleading. That exhibit (Exhibit "R" here) contradicts the allegations of the FAC, and the exhibit controls. Plaintiffs have failed to carry their initial pleading burden related to Counts IV, V, and VI, and dismissal is necessary. *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The rule that attached exhibits are to be considered part of the complaint when ruling on its sufficiency usually benefits the plaintiff, but not always. As our predecessor court warned nearly 80 years ago, a 'litigant may be defeated by his own evidence, <u>the pleader by his own exhibits</u>' when 'he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them.'") (underlining supplied)

### ii. Plaintiffs' Fraud and Negligent Misrepresentation Claims are Barred by the Independent Tort Doctrine.

In their Response, Plaintiffs claim their tort claims are different from their contract claims because the tort claims are based on allegations of lying, deception, money laundering and fraudulent transactions. *See* Response at 21. Plaintiffs then ask the Court to look at ¶¶ 179-180, 186, 199-200, 218-219, and 229-230 for allegations that are purportedly unique to Plaintiffs' fraud and misrepresentation claims and not found in their breach of contract claims. Yet, each of these allegations in the fraud and misrepresentation claims has a corresponding ***identical*** allegation in the breach of contract claims. The allegations in the above-cited paragraphs can be broken down into three separate claims: (1) allegations that Defendants misrepresented their role in marijuana-related business and/or use of cashless ATMS (*see* FAC at ¶¶179-180, ¶¶199-200, and ¶¶218-219), (2) allegations regarding $8.4 million in unauthorized wire transfers that were allegedly related to insider trading (*see* FAC at ¶¶179-180, ¶186, ¶¶199-200, and ¶¶218-219), and (3) allegations that Defendants damaged Plaintiffs by requiring them to spend substantial money complying with Federal investigations (*see* FAC at ¶¶229-230).

Each of these allegations also form the basis for Plaintiffs breach of contract claims. In Count I, Plaintiffs claim Defendants breached their contracts by: (1) misrepresenting their role in marijuana-related business and/or use of cashless ATMS (*see* FAC at ¶¶158-163), (2) allegedly transferring $8.4 million in unauthorized wire transfers that were allegedly related to insider trading (*see* FAC at ¶¶158-163), and (3) damaging Plaintiffs by requiring them to spend substantial money complying with Federal investigations (*see* FAC at ¶164). In Count II, Plaintiffs claim Defendants breached their contracts by: (1) allegedly transferring $8.4 million in unauthorized wire transfers that were allegedly related to insider trading (*see* FAC at ¶168), and (2) damaging Plaintiffs by requiring them to spend substantial money complying with Federal investigations

(*see* FAC at ¶171). Thus, Plaintiffs' tort claims in Counts IV, V, and VI are based on the same conduct Plaintiffs allege constituted breaches of their contracts with Defendants.

Plaintiffs' argument regarding pleading in the alternative (*see* Response at 20-21) and the overlap in damages also fails. While parties can plead alternative theories of recovery, the **term "alternative" does not appear anywhere** in the FAC, and the FAC does not even hint (though hinting would not be enough) that Counts IV, V, and VI should be viewed as alternative pleading. This reality also demonstrates Plaintiffs' mis-reliance on *Nevado v. Office Depot, LLC*, No. 23-CV-80244, 2023 WL 2809521 (S.D. Fla. Apr. 6, 2023). In *Nevado*, what the Court did was dismiss the Complaint and give the Plaintiff the opportunity to bring a fraud claim in the alternative should it decide to do so when amending, while also directing that "the parties should clearly brief in any further motion practice whether the independent tort doctrine could still bar Count III." *Id*. at *2. Under Florida law, the lack of "independent, separate, and distinct" damages bars Plaintiffs' tort claims. *See* Joint Motion at 20-21. Dismissal of Counts IV, V, and VI is appropriate.

### D. Count VIII (Violation of the Oklahoma Deceptive Trade Practices Act) should be Dismissed.

Plaintiffs' Response does not dispute that due process requires they plead facts establishing Oklahoma would have personal jurisdiction over the Individual Defendants or that the Individual Defendants were acting in their capacity as corporate representatives and not their individual capacity. While Plaintiffs refer to Defendants opening and maintaining bank accounts in Oklahoma as a basis for asserting Oklahoma jurisdiction over them, Plaintiffs avoid the reality that none of the Individual Defendants opened a single bank account for themselves individually. All accounts were corporate accounts. Because the FAC fails to contain sufficient allegations to give Oklahoma personal jurisdiction over the Individual Defendants, or show how such jurisdiction would be proper, Count VIII should be dismissed as to the Individual Defendants.

Plaintiffs also argue their ODTPA claim is "categorically different" from Defendants' cited case law because they are not purchasers or consumers. However, this distinction is irrelevant and does not cure Plaintiffs' failure to allege or otherwise identify a "competing business interest" between themselves and Defendants. *See e.g., Thomas v. Metropolitan Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228 (W. D. Okla. 2008) (dismissing the plaintiffs' claim for violation of the ODTPA because "there are no allegations that plaintiffs are businesses in competition with [defendant] as required by the ODTPA.").

A competing business interest refers to persons and/or entities actively competing in the marketplace. *See Original Rex, L.L.C. v. Beautiful Brands Int'l*, LLC, 792 F. Supp. 2d 1242, 1262 (N.D. Okla. 2011) ("Because [corporate] plaintiff has never had any actively competing franchises or stores, [corporate] defendants are entitled to summary judgment on plaintiff's ODTPA Claim."). Plaintiffs have not made any such contention here, and, frankly, they cannot do so, especially where Plaintiffs contend Defendants are marijuana-related businesses. Plaintiffs' argument that Defendants made false representations in order to use accounts at Plaintiffs' bank does not change this reality, or the legal mandate of demonstrating competition between Plaintiffs and Defendants. Accordingly, Count VIII should be dismissed, and such dismissal should be *with prejudice*.

### E. Count IX (Violation of the Florida Deceptive and Unfair Trade Practices Act) should be Dismissed.

First and foremost, Plaintiffs do not dispute that alleged violations of the Florida Deceptive and Unfair Trade Practices Act must satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement, discussed above with respect to Plaintiffs' fraud claims. Plaintiffs also do not attempt to refute or even address the plethora of cases cited by Defendants in their Joint Motion. Rather, Plaintiffs cite two different cases which do not stand for the proposition Plaintiffs claim.

First, Plaintiffs' reliance on *Nat'l Numismatic Certification, LLC v. eBay, Inc.*, 2008 WL 2704404, at *16 (M.D. Fla. July 8, 2008) is misplaced. In *Nat'l Numismatic*, the Court held that mentioning more than one Defendant in an allegation is acceptable when the Complaint "specifies how each Defendant engaged in an allegedly unfair and deceptive act." *Id.* at *16. Here, Plaintiffs do not simply mention more than one Defendant in some of their allegations. Rather, Plaintiffs (a) lump all 19 Defendants together and just refer to "Defendants," (b) lump all 13 corporate Defendants together and refer to the "Corporate Defendants," or, making matters even worse and more confusing, vaguely refer to "certain corporate Defendants" without specifying which of the 13 Corporate Defendants are included in the "certain," or (c) lump all 6 Individual Defendants together and simply refer to the "Individual Defendants" as a whole. None of these are acceptable, and none of these were approved by the Court's decision in *Nat'l Numismatic.*

The other case relied upon by Plaintiffs, *Raimbeault v. Accurate Mach. & Tool, LLC*, 2014 WL 5795187, at *12 (S.D. Fla. Oct. 2, 2014), actually supports the arguments being made by Defendants regarding the FAC's failure to put several of the Defendants on notice of the claims against them. In *Raimbeault,* the Court was confronted with a Complaint that contained specific allegations for some of the Defendants and, for other Defendants, simply lumped them together with those Defendants for whom specific allegations were made:

> As it currently stands, Plaintiffs' Complaint, by lumping together the several Defendants and by failing to adequately state the what, when and how as to Sicilian, DaGrosa, Jr. and Neithardt, obscures the roles those Defendants individually played in the alleged fraud, and fails to provide them fair notice of their alleged misconduct as required by Rule 9(b).

*Id.* at *13. As discussed with respect to Plaintiffs' fraud and misrepresentation claims, which form the basis for Plaintiffs FDUTPA claims, Plaintiffs commit the same pleading violation in asserting

a claim under FDUTPA. Perhaps even more troubling, in the FDUTPA claim Plaintiffs do not mention even a single Defendant by name.

Because Count IX fails to mention any Defendants by name, it should be dismissed as to all Defendants. At a minimum, it must be dismissed with respect to the following Individual Defendants (Shvartsman, Popova, Knight and Soulen) and the following Corporate Defendants (BMB, BTAG, OST, PP, RH, SM, SBS, and TPS) for failure to comply with the heightened pleading requirements of Fed. R. Civ. P. 8 and 9(b).

### IV. ALTERNATIVELY, THE COURT SHOULD ORDER THAT PLAINTIFFS PROVIDE A MORE DEFINITE STATEMENT.

Plaintiffs choose not to address Defendants' alternative Motion for More Definite Statement in their Response. Should the Court not dismiss, that alternative Motion should be granted as to all of the grounds and for the reasons articulated therein. *See* Joint Motion at 27-28.

WHEREFORE, for the reasons set forth within their Joint Motion and this Reply, Defendants respectfully request that this Honorable Court dismiss the Amended Complaint, and that such dismissal be with prejudice where so requested, or, alternatively, order a more definite statement as to the issues sought, and that the Court further grant to Defendants such other relief as it deems just and proper.

Date: March 17, 2025

By: __/s/ NEIL D. KODSI__
Neil D. Kodsi, Esquire
Florida Bar No.: 11255
NKodsi@FeldmanKodsi.com
**FELDMAN KODSI**
8325 NE 2nd Ave., Suite 204
Miami, FL 33138
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   /s/ *NEIL D. KODSI*
Neil D. Kodsi, Esq.
Florida Bar No.: 11255
NKodsi@FeldmanKodsi.com
**FELDMAN KODSI**
8325 NE 2nd Ave., Suite 204
Miami, FL 33138
Telephone: (305) 445-2005