UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:24-CV-24782-RAR

SHATTUCK BANCSHARES, INC.,
and SNB BANK, N.A.,

 Plaintiffs,

v.

ERIC HANNELIUS, MICHAEL SHVARTSMAN, OKSANA MOORE, KARLA KNIGHT, ELENA POPOVA, JUSTIN SOULEN, BILL MY BNK, LLC, BT ASSETS GROUP, INC., EFT BUSINESS SERVICES, LLC, ENCOMPAY, INC., HANNELIUS-KNIGHT FAMILY TRUST, MG FAMILY TRUST, OST, LLC, PEPPER PAY, LLC, ROCKET HOLDINGS, LLC, SALT MONEY, INC., SKYLIGHT BUSINESS SERVICES, LLC, TRANSACT FIRST, INC., and TRANSACTION PROCESSING SERVICES, INC.,

 Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 30 MOTION TO DEPOSE MICHAEL SHVARTSMAN

Defendant, MICHAEL SHVARTSMAN ("Defendant"), by and through undersigned counsel, hereby files their Response to Plaintiffs' Rule 30 Motion to Depose Michael Shvartsman and Incorporated Memorandum of Law [DE 98], and in connection therewith state as follows:

1. On April 10, 2025, Plaintiffs filed a Rule 30 Motion to Depose Michael Shvartsman and Incorporated Memorandum of Law [DE 98].

2. Defendant, Michael Shvartsman is an inmate currently in the custody of FCI Coleman Low Correctional Institution at 846 NE 54th Terrace, Sumterville, Florida 33521.

3. Under Federal Rule of Civil Procedure 30(a)(2)(B), a party must obtain leave of court to depose an individual confined in prison.

4. While the Rule contemplates such relief, the Courts should nevertheless take into account certain considerations in moving forward, including, but not limited to, the potential impact on prison administration, the unique need for coordination, and the rights of the Defendant/inmate.

5. In that regard, conducting a deposition within a correctional facility poses certain logistical challenges and potentially impacts facility resources. In addition, the presence of legal personnel and equipment can create complexities in a prison environment.

6. Additionally, the rights of the Defendant/inmate must be carefully considered in the context of a deposition. In that regard, and without limitation, incarcerated individuals have more limited access to legal resources, counsel's access to an incarcerated individual is more limited than access to someone who is not incarcerated, and this all poses potential challenges in adequately preparing for the taking of a deposition.

7. Keeping the foregoing clearly in mind, Defendant does not necessarily oppose the entry of an Order granting leave of Court to permit a deposition to proceed to the extent contemplated under Fed. R. Civ. P. 30(a)(2)(B), and in fact acknowledges that the Rule specifically permits such relief. However, the deposition must be coordinated between not only the Parties, but also with the involvement of the Bureau of Prisons and in keeping with its requirements, rules, and regulations.

8. Moreover, any deposition should not proceed until Defendant, Michael Shvartsman, has had sufficient time to meet with counsel and prepare for a deposition, taking into consideration his current custodial circumstances and the difficulties that may arise in connection with such preparation. In that regard, it is respectfully requested that the deposition of Michael Shvartsman take place no sooner than July 19, 2025, a date which is still prior to the Court's discovery cutoff.

9.      It is anticipated that Plaintiffs will work cooperatively with Defendant's counsel in furtherance of this matter, but the Court should nevertheless enter such Orders as are necessary or appropriate to protect Defendant's rights under the circumstances.

10.     Moreover, this Response is being filed without any waiver of or intention to waive such rights or privileges as Defendant may be able to assert, including but not limited to, such rights or privileges as may exist under the Fifth Amendment to the United States Constitution.

WHEREFORE, Defendant, MICHAEL SHVARTSMAN, respectfully requests that should the Court so grant leave to permit the deposition of Defendant, Michael Shvartsman, to proceed in this matter, such Order indicate that it shall not take place sooner than July 19, 2025, that it be coordinated with all involved and interested Parties as well as with the Bureau of Prisons, and that all steps be taken to fully protect Defendant's interests and rights under the circumstances and in light of his current custodial confinement.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF.

**FELDMAN KODSI**
*Attorneys for Defendants*
8325 NE 2nd Ave., Suite 204
Miami, Florida 33138
Tel: 305-445-2005

By:   */s/ NEIL D. KODSI*
       Andrew M. Feldman
       Florida Bar No.: 161969
       eMail: AFeldman@FeldmanKodsi.com
       Neil D. Kodsi
       Florida Bar No.: 11255
       eMail: NKodsi@FeldmanKodsi.com